**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 07a0847n.06**
**Filed: December 13, 2007**

**Case No. 06-5849**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **DULCE CUCO,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| v. | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE EASTERN** |
| **FEDERAL MEDICAL CENTER,** | ) | **DISTRICT OF KENTUCKY** |
| **LEXINGTON; JOE BOOKER, JR., Warden;** | ) | |
| **MICHAEL GROWSE; REBECCA** | ) | |
| **DURBIN; PAULETTE SHIRLEY;** | ) | |
| **QUENTIN MOORE; LINDA DE HOYOS;** | ) | |
| **PAM SCHNEIDER; BELINDA SNEAD;** | ) | |
| **RANULFO MENDOZA; ROBERT** | ) | |
| **WILLIAMS; ROSIE HARLESS; TERI** | ) | |
| **WARD; PHILLIP LAFLEUR; MATTHEW** | ) | |
| **ZAGULA; SUSAN WILCOX, Individually** | ) | |
| **and in their Official Capacities,** | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**BEFORE: BATCHELDER, COLE and GRIFFIN, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Plaintiff Dulce Cuco appeals the district

court's order granting summary judgment to the Federal Medical Center-Lexington ("FMC-

Lexington") and numerous federal prison officials and healthcare providers[1], in both their individual

---

[1]Joe Booker, Jr., Warden; Dr. Michael Growse, FMC-Lexington Clinical Director; Rebecca Durbin, Physician's Assistant; Paulette Shirley, Registered Nurse; Quentin Moore, Nurse Practitioner; Dr. Linda De Hoyos; Dr. Pam Schneider; Belinda Snead, Associate Warden; Ranulfo Mendoza, Physician's Assistant; Robert Williams, Physician's Assistant; Rosie Harless, Executive Assistant; Teri Ward, Unit Manager; Phillip LaFleur, Physician's Assistant; Matthew Zagula, Physician's Assistant; and Dr. Susan Wilcox.

Dr. Pam Schneider is not a federal employee. Instead, she was a contract physician not directly employed

and official capacities (collectively "Defendants"), on her claim that the Defendants violated, *inter alia*, the Eighth Amendment's prohibition on cruel and unusual punishment. Cuco also appeals the district court's denial of her motions to amend her complaint and to delay consideration of the Defendants' summary judgment motion pending further discovery.

Cuco entered the FMC-Lexington on November 11, 2003, to serve a 10-month prison term following her conviction for conspiring to make a false alien employment application. Cuco, a morbidly obese woman, suffers from anemia, and prior to entering the FMC-Lexington, she had followed a treatment regimen of intravenous iron ("IV iron") to combat her anemia. She used IV iron because oral iron supplements upset her stomach, causing her significant pain. Upon entering the FMC-Lexington, she apprised the medical staff of her anemia and IV iron therapy. She alleges that the Defendants refused to treat her anemia with IV iron therapy and instead gave her oral iron supplements, even though the oral iron was not as effective and caused her gastric upset. Cuco also began to experience extremely heavy and long-lasting menstrual cycles. Throughout her incarceration, Cuco complained of fatigue, dizziness, gastric pain and discomfort, and continued heavy menstrual bleeding. She was released on August 11, 2004, to report to a half-way house in New Jersey. Cuco alleges that she was instead admitted immediately to a nearby hospital where she remained for a week and received several blood transfusions.

Cuco brought suit against the FMC-Lexington and members of its administrative and medical staff. She alleged (1) an Eighth Amendment deliberate indifference claim, pursuant to 42 U.S.C. §

by the Bureau of Prisons. The district court, however, assumed without deciding that Dr. Schneider "may be considered a federal actor subject to civil rights liability," and therefore granted summary judgment in favor of Dr. Schneider, along with the other federal Defendants. Cuco has not challenged this aspect of the district court's opinion. For the purposes of this opinion, we will likewise consider Dr. Schneider a federal actor subject to civil rights liability.

1983; (2) claims arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and (3) pendent state law claims arising under Kentucky common law concerning negligence, gross negligence, and intentional infliction of emotional distress. The government filed a motion to dismiss, or, in the alternative, a motion for summary judgment, on the grounds of sovereign and qualified immunity and the statute of limitations. In response, Cuco moved to delay consideration of the Defendants' motion for summary judgment pursuant to Rule 56(f) of the Federal Rules of Civil Procedure; she also sought to amend her complaint to add a claim under the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, against the FMC-Lexington and tendered an amended complaint adding the United States as a defendant and adding a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), against the United States.

The district court issued an exhaustive 89-page opinion dismissing all of Cuco's claims. After construing Cuco's § 1983 claims as claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the district court concluded that (1) sovereign immunity barred suit against the FMC-Lexington and the Defendants in their official capacities; (2) the exclusivity provision in the FTCA barred the *Bivens* claims against the individual defendants who were commissioned officers with the U.S. Public Health Services; (3) the *Bivens* claims failed as against the administrative staff because they had no personal involvement in Cuco's medical care; (4) certain *Bivens* claims — including her inappropriate-treatment-of-anemia claim — were barred by the statute of limitations as to the medical officials even though Cuco's efforts to exhaust her administrative remedies tolled the limitations period for a short time; (5) the "continuing violations" doctrine did not further toll the statute of limitations; (6) even if the statute of limitations did not bar all of Cuco's *Bivens* claims, she failed to establish that the individual Defendants violated

3

her constitutional rights; and (7) that even if Cuco demonstrated that her medical treatment violated her rights under the Eighth Amendment, the individual Defendants were still entitled to qualified immunity.

The district court dismissed Cuco's ADA claim and denied Cuco's motion to amend the complaint to add a Rehabilitation Act claim, finding that, as a matter of law, such a claim could not survive a motion to dismiss. The court found that Cuco's pendent state law claims were barred by the FMC-Lexington's sovereign immunity and the individual Defendants' absolute immunity. The court also refused to accept Cuco's tendered amended complaint, finding that Cuco did not timely move to add the United States as a defendant and the amendment did not relate back to the original complaint.

Cuco timely appealed, limiting her appeal to whether the district court erred (1) in finding that she did not state an Eighth Amendment claim against the Defendants for their inappropriate treatment of her anemia; (2) in denying her motion to amend her complaint and add (a) the Rehabilitation Act claim and (b) the United States as a defendant with a corresponding FTCA claim against the United States; (3) in its calculation of the tolling period for the statute of limitations and in its finding that the "continuing violations" doctrine was inapplicable; and (4) in denying her the opportunity to conduct further discovery under Rule 56(f) of the Federal Rules of Civil Procedure.

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, and having had the benefit of oral argument, we are convinced that the district court did not err in its conclusions, nor did it abuse its discretion in denying Cuco's motions to amend and to conduct further discovery. As the district court's extensive opinion carefully and correctly sets out the law governing Cuco's claims and clearly articulates the reasons underlying its decision, the issuance of

a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM** the judgment. However, because the district court's Memorandum Opinion and Order correctly holds that the claims in the complaint are to be dismissed with prejudice, but the Judgment memorializing the Opinion and Order dismisses them without prejudice, we **REMAND** with instructions that the district court dismiss this matter **with prejudice.**